IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES PEEL, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-CV-95-TCK-TLW |
| ) | |
| UNITED STATES, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Before the Court are the Motion to Dismiss by Defendants Marty Anderson, D. Weskamp, Sarah Bullock, and the United States of America (Doc. 18)[1] and Plaintiff's Motion for Summary Judgment (Doc. 19).

**I.     Background**

Plaintiff James Peel, Sr. filed his Complaint (Doc. 1) on February 14, 2013, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In his Complaint, Plaintiff alleges that Defendants violated his civil rights while he was serving a fifteen-month sentence at the United States Medical Center for Federal Prisoners ("USMCFP") in Springfield, Missouri. Plaintiff named the following as defendants: (1) the United States government; (2) Marty Anderson, former warden of USMCFP ("Anderson"); (3) D. Weskamp, the Nursing Supervisor in the Dialysis Unit at USMCFP ("Weskamp"); (4) five unknown dialysis

---

[1] The Motion to Dismiss was filed on behalf of the United States, Anderson, Weskamp, and Bullock. In their Motion, Defendants state that "[b]ecause the remaining Defendants have not been adequately identified or served in this matter, the Motion is not a response on their behalf." (Mot. 2.) For purposes of this Opinion and Order, "Defendants" refers to the group of defendants who have moved to dismiss Plaintiff's Complaint.

technicians, including Ms. Bullock ("Bullock"), Mr. Jerico, and "Black lady;"(5) an unknown Sargent; and (6) USMCFP.

Defendants move to dismiss Plaintiff's complaint on eight grounds: (1) failure to effectuate service of process; (2) lack of personal jurisdiction; (3) inappropriate venue; (4) sovereign immunity; (5) immunity from *Bivens* liability; (6) inapplicability of respondeat superior; (7) no violation of Constitutional rights; and (8) qualified immunity.[2] In his response to Defendants' Motion to Dismiss, Plaintiff also requests that the Court grant summary judgment in his favor. (*See* Doc. 19.)

## II.   Defendants' Motion

The Court lacks personal jurisdiction over the Defendants and they have not been properly served. In addition, the Complaint is subject to dismissal due to improper venue.

### A.   Personal Jurisdiction

Defendants' motion challenges whether this Court has personal jurisdiction over Defendants Anderson, Bullock, and Weskamp. Plaintiff bears the burden of proving jurisdiction exists. *AST Sports Sci., Inc. v. CLF Distrib., Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008).

To determine whether a federal court has personal jurisdiction over a defendant in a federal question case, the Court must consider: "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citing *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)). No statute

---

[2] For the reasons set forth below, the Court need only reach Defendants' first three grounds for dismissal.

2

confers nationwide service of process in a *Bivens* action. *Johnson v. Lappin*, No. 10-cv-02235-REB-CBS, 2011 WL 1656790, at *6 (D. Colo. May 2, 2011). In the absence of a specific federal statute governing personal jurisdiction, Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure refers courts to the jurisdictional statute of the forum state. Oklahoma's long-arm statute "authorizes jurisdiction coextensive with the Due Process Clause." *United States v. Bigford*, 365 F.3d 859, 873 n.11 (10th Cir. 2004); *Williams v. Bowman Livestock Equip. Co.*, 927 F.2d 1128, 1131 (10th Cir. 1991) ("Therefore, if jurisdiction is consistent with the Due Process Clause, Oklahoma's long arm statute authorizes jurisdiction over a non-resident defendant."); Okla. Stat. tit 12, § 2004(F) ("A court of this state may exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States.").

The exercise of jurisdiction over a non-resident defendant comports with Due Process "'so long as there exist minimum contacts between the defendant and the forum State.'" *Intercon v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). The necessary minimum contacts exist where "the defendant has 'purposefully directed' its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum." *Trujillo*, 465 F.3d at 1218 (quoting *In re Application to Enforce Admin. Subpoenas Duces Tecum of S.E.C. v. Knowles*, 87 F.3d 413, 418 (10th Cir. 1996)).[3]

---

[3] The minimum contacts standard is also satisfied where a defendant has "continuous and systematic" general business contacts with the forum state. *Id.* at 1218 n.7 (citing *Helicopteros Nacionales v. Hall*, 466 U.S. 408, 415 (1984)). Where the defendant has continuous and systematic contacts with the forum state, a court may maintain general jurisdiction over a non-resident defendant. *Id.* Nothing in Plaintiff's complaint suggests that Anderson, Bullock, or Weskamp were engaged in continuous and systematic activity in Oklahoma, nor does the Court believe he could allege such facts. Accordingly, general personal jurisdiction on such basis is

There are no allegations in Plaintiff's Complaint which demonstrate that this Court's exercise of jurisdiction over Anderson, Bullock, or Weskamp, all residents of the state of Missouri, would satisfy the requirements of the Due Process Clause. In his Complaint, Plaintiff concedes that each of these Defendants is a "citizen of Missouri." Plaintiff has alleged no facts which suggest that Anderson, Bullock, or Weskamp have purposefully directed any activities toward this jurisdiction or that Plaintiff's claims are based upon activities that arise our of or relate to any contacts with Oklahoma. Moreover, given that Plaintiff's claims arise from his incarceration at USMCFP in Springfield, Missouri, it is not plausible that Plaintiff could allege facts sufficient to support such a conclusion.[4] Accordingly, Plaintiff has failed to prove this Court has personal jurisdiction over Defendants Anderson, Bullock, and Weskamp.

A court may *sua sponte* cure venue and jurisdictional defects by transferring a suit pursuant to the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice. Although both sections contain the word "shall," the Tenth Circuit has "interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice." *Id.* at 1222-23. The factors a court should consider are whether "the new action would be time-barred;" whether "the claims are likely to have

---

lacking.

[4] In his response to Defendants' motion, Plaintiff discusses subject matter jurisdiction, which is wholly separate from personal jurisdiction. In support of this Court's jurisdiction, Defendant argues that "[t]he Defendants are not 'far away' and that the Plaintiff is disabled and needs dialysis treatment 3x's a week and it would be more of a burden on the Plaintiff, than the Defendants, to travel out of town for Court. This should be factored into the Court's decision." (Resp. 6.) As set forth above, the standard for personal jurisdiction does not consider the convenience of the parties.

merit;" and whether the original action was filed after the plaintiff should have realized the chosen forum was improper. Id. at 1223 n. 16.

In the present case, the factors weigh in favor of dismissal as opposed to transfer. If Plaintiff were to file a new action in Missouri, such action would not be time-barred. A *Bivens* action is subject to the limitation period set by the personal injury statute in the state where the cause of action accrues. *Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007). Plaintiff's cause of action accrued in Missouri while he was incarcerated at USMCFP, beginning in 2010. Missouri has a five-year statute of limitations. *See* 35 Mo. Stat. Ann. 516.120. On their face, Plaintiff's claims do not appear to have merit, and Plaintiff should have realized before he filed this action that the Northern District of Oklahoma was not appropriate. Accordingly, the Court dismisses Plaintiff's Complaint without prejudice.

**B.    Venue**

Defendants also challenge whether venue is appropriate in the Northern District of Oklahoma. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which any action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*See also Stafford v. Briggs*, 444 U.S. 527, 544-45 (1980) (applying § 1391(b) to a *Bivens* suit).

Plaintiff's Complaint does not allege any facts which suggest venue is proper in this Court under Section 1391(b). Plaintiff and Defendants agree that Defendants Anderson, Bullock, and Weskamp reside in Missouri and that all of the events giving rise to Plaintiff's claims occurred in

Missouri at USMCFP.  (*See* Mot. 2; Compl. 2.)  No prong of section 1391(b) permits this action to be brought in the Northern District of Oklahoma.  Therefore, venue is not proper in this Court.

### C.     Service of Process

Defendants also argue that Plaintiff's Complaint must be dismissed without prejudice for failure to effectuate service of process.  Rule 4(i) of the Federal Rules of Civil Procedure sets forth the procedure for service of process upon the United States, its agencies, corporations, officers, or employees.  To serve the United States, a plaintiff must: (1) deliver a copy of the summons and complaint to the United States attorney for the district where the action is brought or send a copy by registered or certified mail to the civil-process clerk at the U.S. attorney's office; and (2) send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C.  Fed. R. Civ. P. 4(i)(1).  To serve an agency or corporation of the United States or an officer or employee in an official capacity, a plaintiff must serve the United States (as described above) and also send of the summons and complaint by registered or certified mail to the agency, corporation, officer, or employee.  Fed. R. Civ. P. 4(i)(2).  Finally, an officer or employee of the United States sued only in an individual capacity may be served by serving the United States and also serving the officer or employee in accordance with Rule 4(e), (f), or (g).  Fed. R. Civ. P. 4(i)(3).

Defendants Anderson, Bullock, Weskamp, the United States, and USMCFP claim they have not been served in accordance with Rule 4.  Plaintiff has not provided proof of service on any of these Defendants.  Rule 4(l) requires Plaintiff to make proof of service to the court.  In his response to Defendants' motion, Plaintiff does not Defendants' contentions regarding service of process.  Pursuant to Rule 4(m), the Court dismisses Plaintiff's claims against Defendants

Anderson, Bullock, Weskamp, the United States, and USMCFP for failure to effectuate service of process within 120 days after filing of the Complaint.

## V.     Conclusion

Defendants' Motion to Dismiss (Doc. 18) is GRANTED.  Plaintiff's Complaint is dismissed without prejudice as to all defendants.  Because the Court grants Defendants' Motion to Dismiss and dismisses Plaintiff's Complaint without prejudice, Plaintiff's Motion for Summary Judgment (Doc. 19) is DENIED.

**IT IS SO ORDERED this 20th day of December, 2013.**

**TERENCE KERN**
**United States District Judge**